I need you to hurry up. I'm just saying as soon as you have everything ready, you can proceed. Thank you, Your Honor. In police court, my name is Stephen Berkey. I represent the appellant in this case, Mr. Victor Velasquez. Do you have the catalyst for the abdomen, Mr. Velasquez? Your Honor, my intention is to reserve approximately three minutes for rebuttal. Which I may be arguing, Mr. Callas may be arguing. You mumbled. You want three minutes for rebuttal? And that's the last time. I would like three minutes for rebuttal. And my intention is to have Mr. Callas argue for rebuttal. Oh, to reserve rebuttal? Yes. Okay, why don't we set the clock back to ten minutes so you won't lose your time. Thank you, Your Honor. Okay. Is it true that the burden of proof in a civil case is proof beyond any doubt? That was the question that the jury asked after two days of deliberation in this case, and after the jury had described that they were hopelessly deadlocked, and that they couldn't budge, and both sides were. Well, I didn't ask exactly that question, did I? Well, the question they exactly asked, Your Honor, is, is it true that if they have any doubt, they go with the defendant? And the answer to that question is clearly no. Which is the way the district court answered it? The district court answered the question. It was the second question. The second question was more nuanced. The first question, the answer was clearly no. That's correct, Your Honor. I would agree with you. The first answer to the first question was clearly no. If there's any doubt, they did not rule for the defendants. The second question, I agree, had three different levels of certainty that they asked for the plaintiff. One said 51 percent, one said, I believe, 70 percent, and one said 99 percent. Each of those different burdens or certainties, as they described it, are not what the preponderance of the evidence standard allows for. And so the problem with the way the court answered the question is it left an ambiguity, I believe, that it was misleading to the jury and that the jury didn't decisively give the answer. So what was the ambiguity? Well, the ambiguity was that they were left with the idea that perhaps, Your Honor, 70 percent or 99 percent is more probable than not. Did he give the model instructions? He did give the model instructions. Is there an error in our model instructions? Well, Your Honor, I pointed out in the brief, and I did after the trial go through some other circuits and look at their instructions, and one of the examples I found was the Third Circuit. And in the Third Circuit's model instruction, it specifically describes that the burden of proof in a civil case is not like the burden of proof in a criminal case. And what I mean by that is the model instruction of the Third Circuit says you should put it out of your mind. You shouldn't even think of proof beyond a reasonable doubt because that's what jurors have more familiarity with. They think about and they see on TV and on the Internet a lot the burden of proof in a criminal case, which is proof beyond a reasonable doubt. And so the instruction in the Third Circuit states that jurors are not to consider that. They are to consider this other standard. And in this particular case, the question was, is there anything that is in error with our instruction? I read the Third Circuit. I see what the Third Circuit does. I also read ours. I see what we suggest is a good model. And then I say to myself, is ours unconstitutional in any way? Is it inappropriate in any way? It may not be the same as the Third. But I think you're going the long way around to say, no, it isn't. Well, Your Honor, I don't know that I would say that it's... I mean, you have no case law to suggest we have to give the Third Circuit's... I do not have any case law that says you have to give the Third Circuit. At that point, I have no case law that would suggest ours is wrong. The Third Circuit wouldn't have given you what you wanted. What you really wanted was for the judge to give them a number. That's what you asked for. That was one of the things we asked for, Your Honor. The first question we'd... Well, Judge Grewal initially determined to answer the first question, no. He initially determined to answer the second question just more than 50%. And after a discussion that was had between counsel and the court, Judge Grewal determined that sending them back to the instruction may have been best. We believe that the problem with doing that is that it left the jury with the potential to enforce a burden of proof for the plaintiff that was much higher. But the model instruction is not an error. So the judge didn't give any error in the instruction that he gave. What you wanted was a number on the error. You wanted the more than 50%. We did. We asked for that, Your Honor. Right. And there was some discussion about that. There were various reasons why. The other side objected to that. The judge decided to go along with that and just to repeat the model of the instructions. So where's the judge's error? Well, we believe the judge's error, Your Honor, is not clarifying and clearing up... But this was a chatty jury, and the judge specifically stated, I think this is a very savvy jury. I think they'll understand the instructions. They hadn't been shy about asking questions of the court. So if there had been further confusion, it's not unlikely that they would have come back to the court. Well, there's two things there. The first one is that the reason the jury asked so many questions was Judge Greerwald gave them the opportunity throughout the trial after each witness testified to ask questions. So it was something that they were familiar with, they didn't have a problem with, because they asked numerous questions after each and every witness during the trial. The fact that they were given the model instruction and just repeated what was already provided to them at the beginning of the case didn't necessarily, in our minds, clarify concretely where their affirmative misunderstanding was. So what I mean by that is they... They could have come back and said, We're still confused. We've looked at the model instruction. We're still confused. We didn't know that. They did not, Your Honor. I mean, it's possible that they were debating what it means and didn't realize it was an instruction that the judge gives them in the case where it is, and then they go back and say, Oh, okay, well... I mean, the model instruction does answer the question, doesn't it? Well, we believe it does answer the question precisely as they asked it, and it does answer the question so that... What? I mean, so repeat the question. What's wrong with it? What? Why? I mean, let's say the judge had, instead of saying what you wanted him to say, he had just rewrapped the model instruction, just said, Let me read it to you again just so you get it. He did the next passing, which is the same. Here's what it is. Go look at it. But given the questions they asked, why doesn't the model instruction answer the question? In what way is it ambiguous? I don't believe it answers the question, Your Honor, because they were stating whether it was affirmative, whether it was true that that was the burden of proof. So they had a preconceived understanding that the burden was any doubt, and you rule for the defendants. And by sending them back to the model instruction, it didn't necessarily explain to them that that was not ambiguous. Well, you say that, but why not? Well, because if you... Look at the... What is the language of the model instruction? The language of the model instruction is... Let me get a break right now. The language of the model instruction. The language of the model instruction is... Okay, what does it say about clear and convincing? On the jury instruction, he referred them to a particular page. And on that page, it has both the clear and convincing standard and the preponderance evidence standard. Okay, what does it say about clear and convincing? It says, when a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable. This is a higher standard proof than proof by a preponderance evidence. You should base your decision on all the evidence, regardless of which party presented it. And what the court stated was that it was... And this is in the record, in the supplemental excerpts of the record, in tab one. The court stated it was... It was hoping or confident that the jury would put the two pieces together of the first excessive force instruction and this instruction. Why was the clear and convincing instruction given? I believe the clear and convincing evidence was a standard that was applied to one of the defendants, affirmative defendants of Toronto. And so that instruction was also on the same page as the burden of proof. But, George, I guess my biggest problem with all of this is we're here on an abuse of discretion. But we're talking about a judge. I mean, when we look at what he has to do to abuse his discretion, and the judge gives the appropriate instruction from the Ninth Circuit, and there's no Supreme Court or other law which would suggest it is wrong or that it is not appropriate, that now I'm to say he abuses his discretion. That's not the same as... Maybe I disagree. It's not the same as you can make a good argument. Is there any way that it is totally uncomprehensible that this could have happened? Now, that's my words. I can get out and give the three words, but when I read the three words together about abuse of discretion, that's when it comes to me. So even if he hadn't said exactly, I'd still have to give him credit. That's why I didn't know why you really think this is your best argument. Okay, I have six seconds left. Can I finish my argument, Your Honors? Well, I believe the answer to your question is that the burden of proof in a case is one of the most important instructions, and I agree with you that I was not able to find any case law where this exact situation has occurred where a jury asked, what is the burden of proof? How do we understand the burden of proof? And because the jury was misunderstood from the beginning as to what the burden of proof was, we believe the court erred in not correcting that misunderstanding and by not stating that that... He did say no, and then he said, look at what it is. He did say no, and then decided not to say no, Your Honor. I see we're out of time. Okay, thank you. We'll see you up on the other side. Thank you. Good morning, Your Honors. My name is John Heberlin, and I represent the Appelli Police Officers as well as the City of Santa Clara. Your Honors, the delicate task of responding to jury questions during deliberations is entrusted to the wide and sound discretion of the District Court. Jury questions constitute a direct dialogue between them and the court, and the court's answers are given the weight of law. And because of this, and as this court restated in Arizona v. Johnson, the trial judge must proceed circumspectly. This court cautioned that questions from the jury that elicit a substantive response, for example, something requiring a simple affirmative or a negative response, they may have the risk of favoring one party's position. They may place undue weight on a certain... How could telling the jury no... To the first question, how would that possibly prejudice one party? Unfairly prejudice? Because when you, after two days of deliberation, any answer the judge gives to a question has the potential to be given a great amount of weight, and is it true that if there's reasonable doubt, we must fine for the defendants? If His Honor were to have answered yes, one of the potential risks of that is that begins to permeate their discussions down the road, and they may start thinking, well, even if we have some doubt about what the plaintiff is proving to us in this case, we must necessarily fine for the plaintiff. And so every time the court answers substantively, the court adds another layer to the jury instructions when the best approach, in my mind, and I think the reasonable approach in this case, was to refer them back to the instructions that they had been given. Even if there was an instruction on that page dealing with clearing convincing evidence, wasn't there a risk of confusing the jury? I don't believe so, Your Honor. In answer to your prior question to Appellant's Counsel, the reason there was a clear convincing instruction is because the plaintiffs were alleging punitive damages. But I think the fact that both of those instructions were on the same page helped the jury differentiate the two. And by the way... Did the court refer them specifically to the appropriate instructions, the proponents of the evidence instruction? He did. If you start at the record, page 115 of the record, the court first referred the jury to the final instruction for... Excerpts of record? Yes, Your Honor. Excerpts of record 115. This is the... 115 is a jury note. Correct. And you'll see at the bottom is where the court answers the question. And the court first directs the jury to 14A of the final instructions at page 115. And that's where they go, and they find that section 1983 claims must be proven by a preponderance of the evidence. And then if you go back to excerpts of record 115, you'll see the second part of that is section 4 of the preliminary instructions, which is the document that Appellant's Counsel referred which contains both standards. And so what the court did was it sent them first to the preponderance of the evidence standard. It sent them first to the instruction that tells them that's what it is, and then they move forward to the actual substance of what that means, which is more probably the not. Now, in this case, not only was this jury... In my version of the final instructions, they are not numbered. It's not page numbers. It's actual numbers. He says page 15, but my page is not numbered. Correct, that was page 15 of the final instructions. But my version of the final instructions don't have page numbers. I believe it is on... Excerpts of record page 135. Yes, excerpts of record page 135. All right. That's... I don't see the number 15 on that page. I apologize, Your Honor. It's instruction 14A, and what the court told the jury was page 15, so we didn't replicate. It actually may exist in the top header, which has been garbled out, but... It's in the top header, but that's something put in by the clerk's office when this is filed. This is not something the jury has. No, the jury actually had this physical written jury instruction. With the header up there? I don't know whether... The only page, the only place on my page that you're pointing to that has 15 is in the header. The header is put in by the clerk's office when it's filed, and you're not going to tell me that this was in the jury's... So the thing in the top that says page 15 of 36 is not given to the jury, right? So how does the jury find this instruction, since I don't see that there's a page 15 on this page? A couple ways, Your Honor. First, they're being directed to section 14A in the final jury instruction, so they need only go to section 14A. I suspect that their copy had a page 5, but I can see from the record it's unclear on this. Well, let's say that it isn't. Is that a problem? I mean, the judge gives them instructions, and gives them an address that seems wrong, at least. What do you want to do with that? Your Honor, the jury was directed, quote, see section 14A final instructions at page 15. This is section 14A.  But this is the clear road map to where the answer to their question is. And again, they didn't tell us afterward that they couldn't find it. The jury actually wrote five minutes. Does even the appellant raise this argument that they couldn't find it? No, Your Honor, and that's why I'm a little... I wasn't prepared to address it, and if Your Honor is concerned about it, we can certainly supplement the record as appropriate. How would you do that? I would ask Your Honor's permission to... I know how you're going to go about asking permission. Obviously, I'm not asking that question. The question is, how are you going to go about supplementing the record? Is the piece of paper that was given to the jury somewhere in the record? I believe it's on the Pacer electronic docket, and frankly, the header being garbled is the appellant's obligation to present us with a clear record and to present... My version of the garbled is perfectly clear. That could be because mine was printed... Okay, fair enough, Your Honor. I would propose that we would look to the trial court docket, but even if that page number is not there, my position is the jury clearly knows what section 14A is and where page 15 may be, even if there's no page numbers. And again, they asked us five more questions after jury instruction during question 8 was answered. It's not like they sat on their thumbs and continued with their allege... Okay, 14A. Where's the language, Your Honor? Excerpts of Record 115 is what directs them to 14A, which is found on page Excerpts of Record 135. All right, I'm on 135 now. And we can... And my copy, because I printed out the copy that was e-filed in this court, is now garbled, and I didn't foresee this would be an issue. My position is we could check the court's... Which language are you allying with? Where is that language? As to what page number? No, I'm defining components of that language. Oh, thank you, Your Honor. So here is where it tells them you must prove each of the following elements by preponderance of the evidence. Right, it says that. But where does it define preponderance of evidence? Supplemental Excerpts of Record, tab 7, page 5. So it's in the preliminary instructions? Correct. So it's not there at all on 14A? Correct, but in the judge's answer to the question, he referred them to both. I want to hear a reference to the first one. The way this judge handled the instructions was he pre-instructed on some of the evidentiary burdens, and then the more substantive instructions came at the end. So his honor's road map was to go to both. Go find... Here's where you find that Section 1983 claims must be proven by the preponderance of the evidence, and then here's the second road map to where you find out what that means. Your Honor, I see that I have the red light. I'm happy to answer any further questions or rest. I will find it. Where is it? In the supplemental instructions. Tab number 7. And then within that, page number 5. Okay. And where... To then get back to Judge Bimey's question. Yes. Where, given that both the clear and convincing evidence and the burden of truth... I'm sorry, preponderance of the evidence stated on both of these pages, where in the judge's answer does he explain which of the two on page 5 of the supplemental exercise I'm supposed to go to? By referring them first to Final Instruction 14A, that's where it says preponderance of the evidence. It doesn't say clear and convincing. But their question was... What is our burden of truth? Correct. He doesn't say it's the first one on that page. Correct. But he, again, when he tells them, first go look at this instruction, which tells them preponderance of the evidence is what you need for Section 1983, and says nothing about clear and convincing. Then go to this second instruction. So they have to go up to 14A, assuming they find that page, and then figure out... to pick out preponderance of evidence, and then they're supposed to take that and bounce back to the preliminary instructions and figure out the two things on this page. It's the preponderance of evidence one that's applicable. Correct, because that's what's mentioned on 14A. And, Your Honor, again, that's better and less confusing than just telling them no and just rereading the instruction because that's what the judge wanted to do. I argued in the court below, and I still believe that there were risks involved in answering the question. Subsequently, and this was absolutely one of the many ways the court could have addressed this situation, it's in line with the... I have a hard time figuring out the problem with answering it in a less helpful way. Well... Your Honor, I believe it's a clear road map to the answer to their question, and it was within this court's discretion... It's a kind of answer only a lawyer would pose. Thank you. Thank you, Your Honor, for your time. We'll give you a minute for rebuttal. Your Honor, this is what I mentioned earlier that I wanted to describe, which is in tab one of the supplemental extracts of the record, Judge Greer will specifically mention that he wanted the jury to put the two pieces together, 14A, the burden of proof, on page 5, and he was hoping, or I think he used the term hoping or confident, that the jury, because they were, I guess, savvy, he said, would put this page with the other page and then put them together and figure out that that's what the burden of proof is, and we did argue that in our brief, and we do believe that that only confused the jury more, and I also want to mention if the jury had believed, because at least at the point when they released the first jury instruction that said that someone in that room thought that it was true that the standard for the burden for the plaintiff was, any doubt you go with the defendants, those particular jurors, in order to get back to what the actual burden of proof is, would have had to have discussed and realized that their initial understanding was wrong. That would have taken a period of time that this jury didn't do. This jury came back almost immediately, within an hour, and said, no, we're completely ruling for the defendants, which is more likely... That's just as consistent with thinking that they worked their way through the maze, found the answer, and said, uh-huh, now we understand, and so we come back, you know, so the people who thought that this is, you know, that any doubt at all is enough to see that the plaintiff's case are wrong. So they, you know, it's just as consistent... In fact, they come back quickly. It's just as consistent with the idea that they figured it out, right? I don't believe so. I believe it's more consistent, Your Honor, that what they did was the jurors that believed that the burden of proof was closer to 50% or whatever you want to call it moved towards the jurors that thought that it was a higher standard for the plaintiff, and that's why they came back more quickly. You don't have cameras in the jury room. I do not have cameras, but you said it before. But there it is. Thank you, Your Honor. None of my colleagues have cameras, by the way. Or any of my colleagues, but that's what I think. All right. Thank you, Your Honor. The case is on. It will stand submitted.
judges: Kozinski, Bybee, N.R. Smith